**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRYAN TURNER,** | **:** | |
| | **:** | |
| Plaintiff, | **:** | |
| | **:** | |
| v. | **:** | Civil Action No. 20-4502 |
| | **:** | |
| **CITY OF PHILADELPHIA,** | **:** | |
| | **:** | |
| Defendant. | **:** | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2020, upon consideration of Defendant City of Philadelphia's Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. All claims against Defendant are dismissed.

BY THE COURT:

_____

**PAUL S. DIAMOND, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRYAN TURNER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 20-4502 |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM**

Defendant City of Philadelphia files this Motion to Dismiss for Failure to State a Claim

under Fed. R. Civ. Pro. 12(b)(6), seeking that this Court dismiss all claims brought against

Defendant on the grounds more fully described in the supporting memorandum of law, attached

hereto.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>November 23, 2020</u>                BY: <u>  s/ Kia Ghee      </u>
                                         Kia Ghee
                                         Assistant City Solicitor

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRYAN TURNER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 20-4502 |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT CITY OF PHILADELPHIA'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant City of Philadelphia submits this Memorandum of Law in Support of its

Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) for the following

reasons:

- COUNT I – Plaintiff's claims brought pursuant to alleged violations of Title VII, 42
  U.S.C. §2000e-2, et seq., should be dismissed because Plaintiff has not plead facts
  sufficient to show that he was subject to a hostile work environment or intentional
  discrimination based on his race.

- COUNT II – Plaintiff's claims brought pursuant to alleged violations of Title VII, 42
  U.S.C. §2000e-3, et seq., should be dismissed because Plaintiff has not plead facts
  sufficient to show that he was subject to retaliation because he engaged in a protected
  activity.

- COUNT III – Plaintiff's claims brought pursuant to alleged violations 42 U.S.C. §1983
  should be dismissed because he has not plead facts sufficient to show that his

2

constitutional rights were violated and because he has not identified a municipal policy, custom, or practice that has caused his injury.

- COUNT IV - Plaintiff's claims brought pursuant to alleged violations of the Pennsylvania Human Relations Act (PHRA) should be dismissed because Plaintiff has not plead facts sufficient to show that he was subject to a hostile work environment or intentional discrimination based on his race.

- COUNT V - Plaintiff's claims brought pursuant to alleged violations of the Philadelphia Fair Practices Ordinance (PFPO) should be dismissed because Plaintiff has not plead facts sufficient to show that he was subject to a hostile work environment or intentional discrimination based on his race.

I.   **FACTUAL SUMMARY**[1]

a)   *Plaintiff was hired by the Police Department*

Plaintiff was employed as a police officer with the Philadelphia Police Department ("the Department") since July 25, 2011. Compl. ¶ 1.

b)   *Plaintiff files lawsuit against the Police Department*

On or around August 16, 2016, Plaintiff filed a lawsuit alleging he was subjected to discrimination and retaliation. *Id.* ¶ 10.

c)   *Plaintiff's Social Media Use*

On July 31, 2017, Plaintiff alleges he was reprimanded in connection with social media posts about the Department's failure to terminate and arrest Ryan Pownall, a police officer who fatally shot an African-American suspect. *Id.* ¶ 13.

---

[1] For the purposes of this Motion to Dismiss, Defendant accepts the facts as pled by Plaintiff as true.

On August 18, 2017, Plaintiff posted a photo on social media of a police officer standing in front of anti-police graffiti which he believed depicted disdain for the Department over the handling of the Pownall investigation his support for Black Lives Matter protesters. *Id.* ¶ 14.

On August 25, 2017 and August 31, 2017, Plaintiff spoke against Fraternal Order of Police. *Id.* ¶ 15.

### d)  *Plaintiff settled his federal lawsuit against the Police Department*

On or around August 28, 2017, Plaintiff "favorably resolved" his lawsuit against the City. *Id.* ¶ 12.

### e)  *Plaintiff complains to the Police Department about various incidents*

In August and September 2017, Plaintiff reported that:

- Someone had republished a picture from Plaintiff's Facebook account which showed Plaintiff wearing an anti-police tee shirt.
- A sergeant had asked Plaintiff for his badge and district assignment so that he didn't not accidentally contribute to his fund when Plaintiff gets killed.
- A police officer wrote that he hopes Plaintiff gets caught in crossfire.
- On September 4, 2017 Plaintiff was physically threatened by Mr. Herbert, an individual claiming to be a retired police officer.
- Hostile treatment from Caucasian police personnel who he believed supported Pownall. *Id.* ¶ 17, 20.

He alleges the Department took no action to resolve Plaintiff's complaints. *Id.* ¶¶ 18-21.

### f)  *Discipline*

At some point, Plaintiff received formal discipline which indicated he "insinuate[d] that the Philadelphia Police Department is a racist organization" and Plaintiff has "little or no regard for the Department and [his] position in it." *Id.* ¶ 16.

### g)  *Sgt. Armstrong reports Plaintiff's falsification of arrest reports*

On September 1, 2017 Sgt. David Armstrong reported that Plaintiff had falsified an electronic Preliminary Arraignment Reporting System ("PARS") report. *Id.* ¶ 22. Specifically,

Sgt. Armstrong alleged that Plaintiff falsified the arrest report by adding a second officer to the report who was not present for the arrest and indicating that she would need to testify in court as well as in his description regarding the recovery of narcotics. *Id.* ¶¶ 23, 25. He also accused Plaintiff of going on break without obtaining proper coverage. *Id.* ¶ 26.

Based on Sgt. Armstrong's report, Captain O'Connor referred the matter to Internal Affairs. *Id.* ¶22. Plaintiff was placed on restricted duty on September 5, 2017. *Id.* ¶¶ 27, 30.

### h) *Internal Affairs investigated and referred the case to the District Attorney's Office*

Internal Affairs investigated the matter including a review of two years of Plaintiff's arrest reports. *Id.* ¶31. Internal Affairs determined that Plaintiff had added the same officer to another arrest report when, again, she was not there. *Id.* The Department referred the case to the District Attorney's office. *Id.* ¶ 38.

On August 29, 2018 Plaintiff was criminally charged with Attempted Theft by Deception, Obstruction of Justice, Unsworn Falsification to Authorities, and Official Oppression. *Id.* ¶¶ 94, 96.

### i) *Plaintiff was Suspended with Intent to Dismiss.*

On August 30, 2018 Plaintiff was suspended with intent to dismiss and later dismissed. *Id.* ¶¶ 22, 101.

## II.    STANDARD OF REVIEW

A Rule 12(b) (6) Motion to Dismiss tests the sufficiency of the allegations contained in a Complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When considering such a motion, the Court "accept[s] as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) . . . is limited to those

instances where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

This liberal pleading standard, however, does not excuse a plaintiff from adequately stating claims and supporting those claims with facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although a court must consider the pleadings as true when evaluating a motion to dismiss, a court need not consider a plaintiff's bare legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (holding that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). *See also Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citing *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). As the U.S. Court of Appeals for the Third Circuit has recognized, this plausibility standard requires the district court to conduct a two-part analysis of complaints. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). First, courts should separate "the factual and legal elements of a claim, so that while the district court must 'accept all of the complaint's well-pleaded facts as true,' but it may "disregard any legal conclusions.'" *Id*. Second, courts must then determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. (citing *Iqbal*, 129 S. Ct. at 1950).

III.    **ARGUMENT**

      **A. PLAINTIFF PLEAD NO FACTS TO SHOW HE WAS SUBJECT TO A HOSTILE WORK ENVIRONMENT OR INTENTIONAL DISCRIMINATION BASED ON HIS RACE IN VIOLATION OF TITLE VII, PHRA, OR THE PFPO.**

Plaintiff fails to state a claim for a race based hostile work environment or discrimination based on his race.

i. Hostile Work Environment[2]

To establish a *prima facie* hostile work environment claim under both Title VII, PHRA, and PFPO, Plaintiff must prove that: (1) he suffered intentional discrimination because of his race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected plaintiff; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for *respondeat superior* employer liability is present. *Mandel v. M & Q Packaging Corp.,* 706 F.3d 157, 167 (3d Cir. 2013).

In determining "whether an environment is hostile, a court must consider the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* at 168.  As to severity, not all conduct is actionable under a hostile work environment claim. Courts look beyond whether a plaintiff experienced an unpleasant work environment to whether the plaintiff's workplace was "discriminatorily hostile or abusive." *Davis v. Solid Waste Services, Inc.,* 20 F.Supp. 3d 519, 534 (E.D.Pa. 2014). "The discriminatory conduct must be so extreme as to amount to a change in the terms and conditions of employment. Unless they are extremely severe, offhand comments and isolated incidents are insufficient to sustain a hostile work environment claim." *Williams v. Mercy Health Sys*., 866 F. Supp. 2d 490, 501 (E.D. Pa. 2012) (quoting *Woodard* v. PHB Die Casting, 255 F. App'x 608, 609 (3d Cir. 2007)). As to the last prong, an employer is subject to vicarious liability for an actionable hostile work environment created by a supervisor with

---

[2] Title VII is "construed consistently" with the PHRA and PFPO. *See Gomez v. Allegheny Health Servs., Inc.,* 71 F.3d 1079, 1083-84 (3d Cir. 1995); *Rosati v. Colello,* 94 F. Supp. 3d 704, 713 (E.D. Pa. 2015); *Ahern v. Eresearch Tech., Inc.,* No. CV 15-5911, 2016 WL 4501648, at *3 (E.D. Pa. Apr. 29, 2016); *see also Joseph v. Cont'l Airlines, Inc.,* 126 F. Supp. 2d 373, 376 n.3 (E.D. Pa. 2000); *Fasold v. Justice,* 409 F.3d 178, 188 (3d Cir. 2005). Therefore, in the interest of judicial economy, Defendant will conduct one analysis.

immediate (or successively higher) authority over the employee. *Faragher v. City of Boca Raton*, 524 U.S. 775, 795 (1998)).

Plaintiff failed to allege facts sufficient to establish a claim of race-based hostile work environment because: (1) he alleged no facts to show that he suffered intentional discrimination because of his race; 2) the conduct he complains of insufficiently severe or pervasive to support a hostile work environment claim; and (3) there is no basis for employer liability.

1. Plaintiff's hostile work environment claim fails because he fails to allege sufficient facts to show that he was subjected to intentional discrimination based on his race.

Plaintiff alleges absolutely no facts show he was subjected to an intentionally discriminatorily hostile or abusive work environment because of his race. Instead, Plaintiff's allegations center on his social media posts which: condemned the Department's handling of the Pownall Investigation, highlighted his support for Black Lives Matters, and denounced the FOP. He alleges that after these social media posts some police officers, including an individual who self-identified as a retired police officer, and other Caucasian police personnel who supported Pownall began subjecting him to hostile treatment. *See* Compl. ¶¶ 17, 18.  Clearly, Plaintiff identifies his social media posts – not his race – as the driving force behind his uncomfortable working environment. To that end, Plaintiff has not sufficiently alleged that his race motivated any of the alleged incidents he describes.

Accordingly, Plaintiff's hostile work environment claims should be dismissed because Plaintiff has not plead sufficient facts to show he suffered intentional discrimination because of his race.

2. Plaintiff's hostile work environment claim fails because the conduct he complains of is neither severe nor pervasive.

The incidents in Plaintiff's complaint do not rise to the level of "severe" or "pervasive" as required to establish a race based hostile work environment.

Determining whether a work environment is sufficiently abusive or hostile "must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Mahan v. City of Philadelphia*, 296 F. Supp. 3d 712, 720 (E.D. Pa. 2017). The *Mahan* Court found that the plaintiff failed to allege any facts suggesting discrimination that was severe or pervasive where there was no allegation of physically threatening or humiliating conduct or offensive utterances made to Plaintiff" *Id.* 721. *See also Tourtellotte v. Eli Lilly & Co.,* 636 F. App'x 831, 847–48 (3d Cir. 2016) (affirming summary judgment and clarifying that a plaintiff must demonstrate "how conduct directed towards others impacted them in satisfaction of their own *prima facie* case"); *Abramson v. William Paterson Coll. of N.J.,* 260 F.3d 265, 280 (3d Cir. 2001) ("Title VII is not violated by the mere utterance of an ... epithet which engenders offensive feelings in an employee or by mere discourtesy or rudeness, unless [it is] so severe or pervasive as to constitute an objective change in the conditions of employment.") (internal quotation marks and citation omitted).

Here, Plaintiff's allegations are insufficiently severe or pervasive to support a claim of hostile work environment. He alleges that result of his social media posts condemning the Department and supporting Black Lives Matter, he was subjected to the following incidents:

- Someone had republished a picture from Plaintiff's Facebook account which showed Plaintiff wearing an anti-police tee shirt. *Compl.* ¶ 17;

9

- A sergeant had asked Plaintiff for his badge and district assignment so that he didn't not accidentally contribute to his fund when Plaintiff gets killed. *Id.* ¶ 17;
- A police officer wrote that he hopes Plaintiff gets caught in crossfire. *Id.* ¶ 17;
- On September 4, 2017 Plaintiff was physically threatened by Mr. Herbert, an individual claiming to be a retired police officer. *Id.* ¶ 17;
- Hostile treatment from Caucasian police personnel who he believed supported Pownall *Id.* ¶ 20; and
- Accused of taking a break without seeking proper coverage.  *Id.* ¶ 26.

As an initial matter, this court is not bound to accept as true Plaintiff's conclusory allegation that he was subject to "hostile treatment " when he offers absolutely no facts in support this conclusion. *See Iqbal*, 129 S. Ct. at 1950. Next, Plaintiff offers no facts to suggest that any of these incidents interfered with his work performance. Notably, Plaintiff has strung together a series of alleged incidents including those involving persons whom the Police Department has no apparent authority including a retired police officer or an unnamed person who published a post from Plaintiff's social media page. The remaining allegations amount to isolated and off-handed comments that are neither severe or pervasive enough to create an abusive or hostile work environment. *Abramson,* 260 F.3d at 280.

Accordingly, Plaintiffs hostile work environment claims should be dismissed.

3. Plaintiff's Hostile Work Environment Claim Fails because he fails to allege sufficient facts to show the existence of *respondeat superior* liability.

In order for employer liability to attach, a supervisor with immediate or successively higher authority over the employee must be responsible for creating the hostile work environment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 795 (1998)). The *Mahan* court determined that Plaintiff had not established employer liability when there were no facts alleged regarding the plaintiff's supervisor's involvement in creating an abusive or hostile environment. 296 F. Supp. 3d at 721.

Here, there are similarly no allegations that anyone who supervised Plaintiff attributed to an actionable hostile work environment. Therefore, there is no basis for vicarious liability.

Accordingly, Plaintiff's hostile work environment should be dismissed.

        ii.    Plaintiff's Discrimination claim fails because there is no evidence that he was terminated because of his race.

To establish a *prima facie* case of discrimination, a plaintiff must show that he (1) belongs to a protected class, (2) was qualified for the position, (3) was subject to an adverse employment action despite being qualified, and (4) his employer acted under circumstances raising an inference of discriminatory action. *Rosati v. Colello*, 94 F. Supp. 3d 704, 713 (E.D. Pa. 2015), appeal dismissed (Dec. 10, 2015)(citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). To satisfy the fourth element, the plaintiff must establish that similarly situated non-protected persons were treated more favorably. *Crumpton v. Potter*, 305 F. Supp. 2d 465, 472 (E.D. Pa. 2004). While "similarly-situated" does not necessarily mean identically situated, the comparators must nevertheless be similar in "all relevant respects." *Opsatnik v. Norfolk S. Corp.*, 335 Fed.Appx. 220, 222–23 (3d Cir. 2009). In other words, the individual with whom the plaintiff seeks to be compared must have "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Crumpton*, 305 F. Supp. 2d at 473 (quoting *Anderson v. Haverford College*, 868 F.Supp. 741, 745. (E.D.Pa.1994)).

Here, Plaintiff's claim fails because he has not alleged facts sufficient to establish that similarly situated employees were treated better than him because of their race. For example, while he alleges "Ofc. D.S. incorrectly identified Ofc. D.S., both Caucasian, as a second arresting officer on a PARS report. . . both were reprimanded." Compl. ¶ 41. These officers are improper comparators because Plaintiff's alleged no facts to suggest that other employees

11

committed the same misconduct yet were treated differently. For example, Plaintiff's termination

was the result of an internal affairs investigation which determined that he had <u>twice</u> added an

officer to an arrest report who was not present, indicating that she was required to testify in

court. *See* Compl. ¶¶ 22, 23, 25. There is no allegation that "officer D.S" had similarly twice

named an officer on an official arrest report that was not present. Therefore, this comparator is

not sufficiently similar. *See Crumpton*, 305 F. Supp. 2d at 473.

      Accordingly, Plaintiff's discrimination claim should be dismissed because Plaintiff failed

to allege facts sufficient to establish a causal connection between his termination and his race.

## B. PLAINTIFF'S TITLE VII, PHRA, AND PFPO[3] RETALIATION CLAIMS FAIL BECAUSE PLAINTIFF PLEAD NO FACTS TO SHOW HE WAS TERMINATED BECAUSE HE ENGAGED IN A PROTECTED ACTIVITY.

      In order to make out a prima facie case of retaliation, a plaintiff must plead sufficient

facts to support a plausible inference that: (1) he engaged in a protected activity; (2) that he was

subject to adverse action by the employer either subsequent to or contemporaneous with the

protected activity; and (3) that there is a causal link between the protected activity and the

adverse action. *Yarnall v. Philadelphia Sch. Dist.*, 57 F. Supp. 3d 410, 433 (E.D. Pa. 2014). In

*Yarnall*, the court held that the 11-month gap between the time Plaintiff filed her lawsuit negated

a finding that the temporal proximity was "unusually or unduly suggestive" of retaliation. *Id.* at

435. *See also, McCann v. Astrue,* 293 Fed.Appx. 848, 852 (3d Cir.2008) (five months was not

unusually or unduly suggestive); *McLaughlin v. Fisher*, 277 Fed.Appx. 207, 218 (3d Cir.2008)

(less than a month not suggestive of a retaliatory motive by itself); *Walker v. Independence Blue

Cross,* 2005 WL 1266590, at *7–8 (E.D.Pa. May 27, 2005) (four months was not unusually or

unduly suggestive).

---

[3] In the interest of judicial economy, Defendant will conduct one analysis.

Here, Plaintiff has failed to adduce evidence – temporal or otherwise – of a causal link between the 2016 complaint of discrimination and his termination in 2017. As an initial matter, the investigation which led to Plaintiff's termination was prompted by Sgt. Anderson's report of Plaintiff's falsification. There is no allegation that Sgt. Anderson was even aware of Plaintiff's prior complaint of discrimination. Therefore, the complaint lacks factual sufficiency to allege a causal link between his protected activity and his termination. Moreover, the yearlong gap between when Plaintiff filed his federal complaint and his termination is not unusually suggestive of retaliation.

According, Plaintiff's retaliation claim should be dismissed because he has not established but-for causation.

### C.  PLAINTIFF'S 42 U.S.C. 1983 CLAIMS FAIL BECAUSE HE CANNOT IDENTIFY A MUNICIPAL POLICY, CUSTOM, OR PRACTICE THAT HAS CAUSED HIS INJURY.

Plaintiff's §1983 claims fails because Plaintiff has not identified a custom or policy of deliberate indifference that was the moving force behind the violation of her constitutional rights.

With respect to municipal liability, it is well established that a plaintiff cannot recover against the Philadelphia Police Department upon a *respondeat superior* theory.  For Plaintiff to prevail against the City, he must prove that a constitutionally protected right has been violated, and that the alleged violation resulted from a municipal "custom" or "policy" of deliberate indifference to the rights of citizens.  *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). *Monell* held that a municipality potentially is liable under 42 U.S.C. § 1983 only if the plaintiff can prove that city employees were executing an officially adopted policy declared by city officials or that the employees were acting pursuant to an officially adopted custom or practice of the

municipality. 436 U.S. at 690-91.  Plaintiff must allege that the execution of a governmental policy, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injury.  *Watson v. Abington Twp.,* 478 F.3d 144, 155 (3d Cir. 2007).  A municipal "custom" within the meaning of section 1983 consists of practices engaged in by state officials that are so permanent and well settled as to constitute a "custom or usage" with the force and effect of law.  *Id.* at 155.  Proof of a single unconstitutional incident is normally insufficient to impose liability under *Monell. See Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (1985) (emphasis added).

Here, aside from Plaintiff's conclusory allegation that his rights were deprived by "Defendant's policies, practices and/or customs to treat African-American employees less favorably than Caucasian employees," Plaintiff fails to allege any facts from which a fact-finder could conclude that the City actually has a custom or policy that caused him to suffer a constitutional tort. *See* Compl. ¶ 122.  Plaintiff points to no actual policy or municipal practice or custom that would have the effect of depriving Plaintiff of his first amendment or fourteenth amendment rights. Under the *Iqbal* standard, this court is not required to accept this bald legal conclusion as true. Plaintiff's conclusory allegation is factually insufficient to support of a determination of municipal liability.

Accordingly, Plaintiff's §1983 claim against the Police Department should be dismissed with prejudice.

## IV.   <u>CONCLUSION</u>

Defendant City of Philadelphia respectfully requests that this Honorable Court grant this Motion and dismiss Plaintiff's Complaint with prejudice.

Respectfully Submitted,

MARCEL PRATT
City Solicitor

Date:  <u>November 23, 2020</u>          BY:    <u>s/ Kia Ghee</u>
                                              Kia Ghee
                                              Assistant City Solicitor
                                              Pa. Attorney ID No. 321462
                                              City of Philadelphia Law Dept.
                                              1515 Arch St., 16th Fl.
                                              Philadelphia, PA 19102
                                              (215) 683-5079
                                              Kia.Ghee@phila.gov

15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **BRYAN TURNER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 20-4502 |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
| Defendant. | : | |

---

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Dismiss and Memorandum of Law has been filed electronically and is available for viewing and downloading.

Respectfully Submitted,

MARCEL PRATT
City Solicitor

Date: <u>November 23, 2020</u>               BY:   <u>s/ Kia Ghee</u>
Kia Ghee
Assistant City Solicitor